# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Crystal Evatt,** *Plaintiff* | § § § | |
| **v.** | § § § | **No. 1:25-cv-02166-DAE-SH** |
| **Christopher Evatt,** *Defendant* | § § § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE DAVID A. EZRA
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Crystal Evatt's Complaint (Dkt. 1), Motion to Proceed *In Forma Pauperis* (Dkt. 2), and Motion for Preliminary Injunction (Dkt. 1), all filed December 30, 2025.[1]

### I.    Application to Proceed *In Forma Pauperis*

Plaintiff seeks leave under 28 U.S.C. § 1915(a)(1) to file her Complaint without having to prepay the filing fee or costs. Dkt. 2. Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if she shows by affidavit that she cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

---

[1] The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge David A. Ezra. Dkt. 3.

1

After reviewing her application, the Court finds that Plaintiff cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** her *in forma pauperis* status and **ORDERS** her Complaint to be filed without pre-payment of fees or costs. This *in forma pauperis* status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or if, under § 1915(e)(2), the action is found to be frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages against an immune defendant. The Court also may impose costs of court against Plaintiff at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.    Frivolousness Review Under Section 1915(e)(2)

Because Plaintiff has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her complaint under § 1915(e)(2). A district court shall dismiss a complaint filed *in forma pauperis* if it determines that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

The Court liberally construes the pleadings of litigants who proceed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). While *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a plaintiff's *pro se* status offers "no impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

"The district courts of the United States are courts of limited jurisdiction, defined (within constitutional bounds) by federal statute." *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or

treaties of the United States" and over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. It is presumed that a case lies outside this limited jurisdiction, and the burden of establishing the contrary rests on the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Plaintiff seeks a court order requiring her husband to return approximately $11,400 that he has withheld from her and their children. Dkt. 1 at 5. Her claim is based on allegations that her husband is "attempting divorce" and wrongfully taking money from their joint bank account. *Id.* at 3.

Plaintiff's allegations raise no federal question, 28 U.S.C. § 1331, and diversity is lacking because Plaintiff alleges that both she and her husband are Texas citizens. *Id.* § 1332. For these reasons, the Court lacks subject matter jurisdiction. *See Badgerow*, 596 U.S. at 7.

### III.    Order and Recommendation

This Magistrate Judge **GRANTS** Plaintiff's Motion to Proceed *In Forma Pauperis* (Dkt. 2) and **RECOMMENDS** that the District Court **DISMISS without prejudice** Plaintiff's claims under 28 U.S.C. § 1915(e)(2) and her Motion for Preliminary Injunction for lack of subject matter jurisdiction.

The Clerk shall remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

### IV.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to

the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 17, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4